60 F.3d 843
 76 A.F.T.R.2d 95-5301, 95-2 USTC P 50,425
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Courtney and Kathleen M. BENNETT, Cornelius J. and Mary M.
Dineen, George W. and Marilyn B. Elliott, John D.
and Ethel M. Fleisher, Plaintiffs-Appellees,
v.
The UNITED STATES, Defendant-Appellant.
 No. 94-5107.
 United States Court of Appeals, Federal Circuit.
 July 10, 1995.
 
 Before MAYER, MICHEL, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The United States appeals the judgment of the United States Court of Federal Claims, Nos. 92-216 T, -213 T, -214 T, -218 T (Feb. 4, 1994) granting summary judgment in favor of Courtney Bennett, Cornelius J. Dineen, George W. Elliott, and John D. Fleisher, four former United Air Lines pilots who received back pay and liquidated damages in 1986 in settlement of a suit against their former employer under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621-634 (1988 & Supp. V 1993). The Court of Federal Claims held that back pay and liquidated damages under the ADEA constitute "damages received on account of personal injuries" and are excludable from gross income under I.R.C. Sec. 104(a)(2).
 
 
 2
 On November 14, 1994, after this appeal had been argued, the Supreme Court granted the Commissioner's petition for certiorari in Commissioner v. Schleier, No. 94-500 (Nov. 14, 1994), a case that differs from the instant appeal only in procedural posture.* We suspended this appeal pending resolution of the Schleier case.
 
 
 3
 On June 14, 1995, the Supreme Court reversed the Fifth Circuit's affirmance of the United States Tax Court's decision in Schleier v. Commissioner, 26 F.3d 1119 (5th Cir.1994) (table), and held that damage awards under the ADEA are taxable. See Commissioner v. Schleier, 63 U.S.L.W. 4557, 4559 (U.S. June 14, 1995) (No. 94-500). The Court held that ADEA damages do not meet the requirements of I.R.C. Sec. 104(a)(2) and the corresponding treasury regulation, which defines "damages received on account of personal injuries" as those arising from "a legal suit or action based upon tort or tort type rights." Treas.Reg. Sec. 1.104-1.
 
 
 4
 Because the treatment of these damages by the Court of Federal Claims in Bennett is contrary to the Supreme Court's approach in Schleier, we reverse the judgment of the Court of Federal Claims.
 
 
 5
 REVERSED.
 
 
 
 *
 Schleier involves a former United Air Lines pilot who included the back pay portion of his award in gross income on his 1986 tax return. The Commissioner issued a deficiency notice, claiming that Schleier should have included the liquidated damages portion in his gross income, and Schleier initiated Tax Court proceedings as a result. See Schleier, 63 U.S.L.W. at 4558. The four pilots in the instant case reported their entire settlement awards as income and paid taxes on both the back pay and the liquidated damages. Bennett later filed for a refund of the liquidated damages portion of the award; Dineen, Elliott, and Fleisher filed for refunds of both portions. The IRS refunded the liquidated damages portion only to Elliott and Fleisher, and the pilots filed refund suits that were consolidated in the Court of Federal Claims